

FILED by ____KS____ D.C.

Apr 6, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**21-20210-CR-ALTONAGA/TORRES**

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

DALGI OQUENDO,
JEAN LAGO and
CLARISSA AZAR,

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### Commercial Insurance

1. Simply Healthcare Plans/Anthem ("Simply") offered Administrative Services Only ("ASO") insurance plans to employers. These employers contracted with the insurance company Blue Cross Blue Shield ("BCBS") to handle the administrative tasks such as billing, claims handling, and claims payment with respect to claims submitted on behalf of their employees. These ASO insurance plans reimbursed BCBS for the money the insurance company paid out for health benefits for their respective employees. As such, the employers acted in a self-insured role which means that they were financially responsible for any claim payments to their employees.

2. The ASO insurance plans offered by Simply and managed by BCBS were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

3. BCBS often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services. This occurred when the provider accepted assignment of the right to payment from the beneficiary.

4. To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan. The claim forms were typically submitted electronically via the internet. The claim form required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

5. When a provider submitted a claim form to a private insurance plan, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care claims. The provider also certified that the services being billed were medically necessary and were in fact provided as billed.

**The Defendants and Related Entities**

6. La O Medical Wellness Center Inc. ("La O") was a Florida corporation located at 9600 Southwest Eighth Street, Suites #32, 33, & 34, Miami, Florida 33174. La O was a medical clinic that purportedly provides commercial private insurance beneficiaries with various medical treatment and services.

7. Defendant **DALGI OQUENDO**, a resident of Miami-Dade County, Florida, was the registered agent and owner of La O.

8. Defendant **JEAN LAGO**, a resident of Miami-Dade County, Florida, was a patient recruiter for La O.

9. Defendant **CLARISSA AZAR**, a resident of Miami-Dade County, Florida, was a patient recruiter for La O.

**COUNT 1**
**Conspiracy to Commit Health Care Fraud and Wire Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around October 2018, and continuing through in or around June 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DALGI OQUENDO,**
**JEAN LAGO and**
**CLARISSA AZAR,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

    a. to knowingly and willfully execute a scheme and artifice to defraud a health

3

care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

        b.    to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.    It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. **DALGI OQUENDO, JEAN LAGO, CLARISSA AZAR,** and others submitted and caused La O to submit, via interstate wires, approximately $1,827,530 to BCBS and ASO insurance plans managed by BCBS in claims for reimbursement which falsely and fraudulently represented that various health care benefits were medically necessary, prescribed by a doctor, and had been provided by La O to insurance beneficiaries of BCBS and ASO insurance plans managed by BCBS.

5. As a result of such false and fraudulent claims, BCBS and ASO insurance plans managed by BCBS made payments to La O, by wire into La O's corporate bank account, in the approximate amount of $313,670.

6. **DALGI OQUENDO, JEAN LAGO, CLARISSA AZAR,** and others used the proceeds of the health care fraud for their personal use and benefit, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-20
### Health Care Fraud
### (18 U.S.C. § 1347)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around October 2018, and continuing through in or around June 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DALGI OQUENDO,
JEAN LAGO and
CLARISSA AZAR,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section

24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit programs.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to a health care benefit program; (b) concealing the submission of false and fraudulent claims to a health care benefit program; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

The Manner and Means section of Count 1 of this Indictment is realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that the defendants submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that the La O provided medical items and

services to BCBS and ASO insurance plans managed by BCBS beneficiaries pursuant to physicians' orders and prescriptions as set forth below:

| Count | Defendant(s) | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 2 | DALGI OQUENDO and JEAN LAGO | A.J. | May 9, 2019 | H100000741235138 | Therapeutic Activities, Direct (one-on-one) Patient Contact by the Provider (use of dynamic activities to improve functional performance), Each 15 Minutes<br><br>$300.00 |
| 3 | DALGI OQUENDO and JEAN LAGO | H.L. | July 17, 2019 | H100000754657342 | Application of a Modality to 1 or More Areas; Ultrasound, Each 15 Minutes<br><br>$150.00 |
| 4 | DALGI OQUENDO and JEAN LAGO | B.R. | August 20, 2019 | H100000761393614 | Nerve Conduction Studies; 7-8 Studies<br><br>$990.00 |
| 5 | DALGI OQUENDO and JEAN LAGO | S.L. | August 20, 2019 | H100000761393628 | Therapeutic Procedure, 1 or More Areas, Each 15 Minutes; Gait Training (Includes Stair Climbing)<br><br>$300.00 |

| Count | Defendant(s) | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 6 | DALGI OQUENDO and CLARISSA AZAR | J.P. | August 22, 2019 | H100000761940736 | Nerve Conduction Studies; 7-8 Studies $990.00 |
| 7 | DALGI OQUENDO and CLARISSA AZAR | J.P. | August 26, 2019 | H100000762551332 | Cervical Traction Equipment Not Requiring Additional Stand or Frame $3500.00 |
| 8 | DALGI OQUENDO and CLARISSA AZAR | K.S. | August 26, 2019 | H100000762551728 | Nerve Conduction Studies; 7-8 Studies $990.00 |
| 9 | DALGI OQUENDO and JEAN LAGO | R.P. | September 6, 2019 | H100000764778026 | Application of a Modality to 1 or More Areas; Contrast Baths, Each 15 Minutes $300.00 |

| Count | Defendant(s) | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 10 | DALGI OQUENDO and JEAN LAGO | B.G. | September 17, 2019 | H100000766735081 | Lumbar-Sacral Orthosis, Sagittal-Coronal Control, with Rigid Anterior and Posterior Frame/Panel(s), Posterior Extends from Sacrococcygeal Junction to T-9 Vertebra, Lateral Strength Provided by Rigid Lateral Frame/Panel(s), Produces Intracavitary Pressure to Reduce Load on Intervertebral $6000.00 |
| 11 | DALGI OQUENDO and JEAN LAGO | R.G. | September 17, 2019 | H100000766735002 | Therapeutic Procedure, 1 or More Areas, Each 15 Minutes; Gait Training (includes Stair Climbing) $150.00 |

9

| Count | Defendant(s) | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 12 | **DALGI OQUENDO and JEAN LAGO** | O.S. | October 9, 2019 | H100000771260455 | Manual Therapy Techniques (EG, Mobilization/ Manipulation, Manual Lymphatic Drainage, Manual Traction), 1 or More Regions, Each 15 Minutes<br><br>$300.00 |
| 13 | **DALGI OQUENDO and CLARISSA AZAR** | Y.T. | October 28, 2019 | H100000774918404 | Therapeutic Procedure, 1 or More Areas, Each 15 Minutes; Neuromuscular Reeducation of Movement, Balance, Coordination, Kinesthetic Sense, Posture, and/or Proprioception for Sitting and/or Standing Activities<br><br>$300.00 |

| Count | Defendant(s) | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 14 | DALGI OQUENDO and CLARISSA AZAR | E.P. | January 14, 2020 | H100000790186397 | Manual Therapy Techniques (EG, Mobilization/ Manipulation, Manual Lymphatic Drainage, Manual Traction), 1 or More Regions, Each 15 Minutes $300.00 |
| 15 | DALGI OQUENDO and JEAN LAGO | B.G. | January 30, 2020 | H100000793524446 | Therapeutic Procedure, 1 or More Areas, Each 15 Minutes; Therapeutic Exercises to Develop Strength and Endurance, Range of Motion and Flexibility $300.00 |
| 16 | DALGI OQUENDO and JEAN LAGO | B.R. | February 13, 2020 | H100000796642883 | Therapeutic Activities, Direct (one-on-one) Patient Contact by the Provider (use of dynamic activities to improve functional performance), Each 15 Minutes $300.00 |

| Count | Defendant(s) | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 17 | **DALGI OQUENDO and CLARISSA AZAR** | J.T. | March 12, 2020 | H100000802748628 | Therapeutic Activities, Direct (one-on-one) Patient Contact by the Provider (use of dynamic activities to improve functional performance), Each 15 Minutes $300.00 |
| 18 | **DALGI OQUENDO and CLARISSA AZAR** | D.C. | March 12, 2020 | H100000802748622 | Application of a Modality to 1 or More Areas; Electrical Stimulation (Manual), Each 15 Minutes $300.00 |
| 19 | **DALGI OQUENDO and JEAN LAGO** | M.R. | May 27, 2020 | H100000814698031 | Application of a Modality to 1 or More Areas; Contrast Baths, Each 15 Minutes $300.00 |

| Count | Defendant(s) | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 20 | **DALGI OQUENDO** | C.A. | June 17, 2020 | H100000818567950 | Therapeutic Activities, Direct (one-on-one) Patient Contact by the Provider (use of dynamic activities to improve functional performance), Each 15 Minutes $300.00 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## **FORFEITURE**
## **(18 U.S.C. § 982)**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **DALGI OQUENDO, JEAN LAGO,** and **CLARISSA AZAR,** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1347 and/or 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of approximately $313,670.66, which represents the total amount of gross

proceeds traceable to the violations of Title 18, United States Code, Sections 1347 and/or 1349 alleged in the Indictment and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

DALGI OQUENDO, et al.,

_____Defendants._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes ____ | No ____ |
| Number of new defendants | ____ | |
| Total number of counts | ____ | |

**Court Division**: (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I   | 0 to 5 days      | ✓ |
   | II  | 6 to 10 days     | ___ |
   | III | 11 to 20 days    | ___ |
   | IV  | 21 to 60 days    | ___ |
   | V   | 61 days and over | ___ |

   (Check only one)

   | | |
   |---|---|
   | Petty   | ___ |
   | Minor   | ___ |
   | Misdem. | ___ |
   | Felony  | ✓ |

6. Has this case previously been filed in this District Court?    (Yes or No)    No
   If yes: Judge _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ____    No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ____    No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?    Yes ____    No ✓

10. Does this case originate from a matter pending in the Southern Region of the U.S. Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)?    Yes ✓    No ____

_____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 92806

*Penalty Sheet(s) attached

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  **DALGI OQUENDO**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

\* **Max. Penalty**:     20 Years' Imprisonment

Counts #: 2-20

Health Care Fraud

Title 18, United States Code, Section 1347

\* **Max. Penalty**:     10 Years' Imprisonment as to each count

\* **Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __JEAN LAGO__

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

* **Max. Penalty**:      20 Years' Imprisonment

Counts #: 2-5, 9-12, 15-16, & 19

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Penalty**:      10 Years' Imprisonment as to each count

* **Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** CLARISSA AZAR

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:** 20 Years' Imprisonment

Counts #: 6-8, 13-14, 17-18

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty:** 10 Years' Imprisonment as to each count

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**